{¶ 39} I concur in part and respectfully dissent in part from the majority decision in this case.
 {¶ 40} I agree with the majority's finding and analysis that the trial court did not abuse its discretion in denying appellants' request for a continuance of the trial. Nevertheless, I dissent from the majority's finding on the sixth assigned error. I would reverse and remand the trial court's determination that the parties had reached a settlement agreement on the issues. While I agree the parties reached a proposed understanding in principle, the terms of this agreement were never consummated in a way that would make them enforceable. Thus, for the reasons outlined below, I would remand the case back to the trial court either for a new trial or to conclude an enforceable settlement agreement.
 {¶ 41} While Edwards may have voluntarily entered into settlement negotiations, and even reached a settlement in principle, the record reflects Edwards accepted subject to conditions. In my view, the proof of collateral capable of satisfying the value of the settlement was a precondition to any enforceable agreement. It simply did not exist in this case, and therefore, there was no enforceable settlement. *Page 17 
 {¶ 42} It is unreasonable that anyone in Edwards' shoes would agree to what became the final terms of this purported settlement. After purchasing the delinquent note from Geauga Savings Bank for $225,000, the purported settlement left Edwards with a $30,000 promissory note payable over 60 months, with no interest accruing on the principal, from the Harvest Missionary Baptist Church. In exchange, the church received back the deed to the property. Further, the settlement secured nothing of value for the promise from former Pastor Caver to pay the remaining $260,000 pledged to Edwards. During the time of this purported settlement, Caver declared bankruptcy, effectively undercutting Edwards' settlement agreement. Further, the phantom pledge by two members of Caver's new congregation to put up their homes as collateral for this portion of the agreement was unenforceable. Even if the trial court retained jurisdiction to issue orders enforcing the settlement, the court had no jurisdiction to encumber these properties.
 {¶ 43} Lastly, while Edwards has been "muddied" by appellee over his supposed close ties to the now-discredited former pastor and his purported "greed" over the terms of his initial offer to transfer the church property back to the congregation, the church trustees incur no such wrath. At worse, Edwards is a speculator who used his ties to the pastor to maximize his profit, a profit that was never realized. The church trustees, on the other hand, claim to be victims when, in fact, they "fiddled" while Caver burned Rome. In the end, Edwards unjustly assumes all the responsibility for their malfeasance in failing to oversee the improper *Page 18 
financial affairs of the discredited pastor. An interest-free $30,000 payout over five years is a great way out of a $225,000 mortgage debt. *Page 1